# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA DENISE SIMMONS, | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 08-5173 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## MEMORANDUM RE: SOCIAL SECURITY APPEAL

**Baylson, J.**       December 28, 2009

Plaintiff, Debra Denise Simmons, seeks judicial review of the decision by the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Social Security disability insurance benefits ("SSDI") under the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383(c) (2000). Jurisdiction is established under § 1383(c)(3), which incorporates § 405(g) of the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). After careful and independent consideration of the matter, and for the following reasons, the Court will remand the case to the Commissioner for further proceedings consistent with this opinion.

**I.**    **Background and Procedural History**

Plaintiff first applied for SSDI on May 15, 2006, alleging disability beginning January 4, 2004, due to a work-related injury. (R. 70-74.) Plaintiff was 45 years old at the date of the injury, and weighed in excess of 300 pounds. (R. 335.) Plaintiff, a mother of three, had been working three different jobs at the time: (1) she was a truant officer for the School District of

Philadelphia, (2) she was a telemarketer for Focus Pointe Global, and (3) she was a noontime aide at the West Philadelphia Head Start school. (R. 91, 342-345.) Her work-related injury arose in her job as a noontime aide, where Plaintiff fell backwards when standing on a milk crate, suffering injuries to her left knee and right shoulder. (R. 90, 345.) Subsequent physical therapy and treatment failed, and Plaintiff underwent surgery to her left knee in July 2004, and to her right shoulder in March 2005. (R. 334.) Plaintiff was further injured in a January 2007 car accident which resulted in a brain injury, and injuries to her left shoulder which required surgery. (R. 338.) In early 2007, Plaintiff was diagnosed with sleep apnea. (R. 338-339.) The most recent evidence in the record indicates that Plaintiff is 5 ft. 3 inches tall, and weighs 376 pounds. (R. 369.)

The Social Security Administration denied Plaintiff's SSDI application on October 30, 2006. (R. 32-33, 44.) On December 20, 2006, Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (R. 48.) The hearing was held before ALJ Linda M. Bernstein on June 21, 2007. (R. 332-365.) In her written decision of June 27, 2007, the ALJ denied Plaintiff's application for benefits, and held that Plaintiff was not disabled within the meaning of the Act. (R. 34-43.) The ALJ found that Plaintiff suffered from the severe impairment of musculoskeletal difficulty relating to Plainitiff's shoulder and knee injuries (R. 39), but that such an impairment did not meet or equal a listed impairment in 20 C.F.R. § 404, Subpt. P, App. 1. (R. 40.) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work. (R. 40-42.) The ALJ found that while none of Plaintiff's past jobs comprised past relevant work, because all of her previous jobs were performed on a part-time basis, there were a significant number of jobs in the national economy

that Plaintiff could perform, thus making Plaintiff "not disabled." (R. 42-43.)

On July 6, 2007, Plaintiff timely appealed the ALJ's decision to the Appeals Council. (R. 61.) On October 11, 2007, Plaintiff submitted a letter to the Appeals Council stating the reasons for her appeal. (R. 59.) On November 23, 2007, the Appeals Council issued an order vacating the ALJ's decision, and remanding the case back to the ALJ. (R. 66-69.) The Appeals Council set forth six issues to be addressed on remand,[1] including that the ALJ did not evaluate the impact of Plaintiff's obesity in accordance with Social Security Ruling ("SSR") 02-1p, and did not address the physical therapist's observation that Plaintiff required breaks due to shortness of breath and fatigue. (R. 68-69.)

The remand hearing was held on April 8, 2008. (R. 366-407.) In her written decision of May 20, 2008, ALJ Bernstein again denied Plaintiff's application for SSDI benefits, holding that Plaintiff was not disabled within the meaning of the Act. (R. 12-21.) The ALJ found that Plaintiff suffered from several severe impairments, including degenerative arthritis right knee, status post left knee arthroscopic surgery, status post arthroscopic surgery right and left shoulders, right shoulder impingement syndrome, and obesity. (R. 17.) Nevertheless, the ALJ

---

[1]The Appeals Council's Order required resolution of the following issues on remand: (1) further evaluation of the impact of Plaintiff's obesity in accordance with Social Security Ruling 02-1p; (2) further evaluation of the limited value of the responses of the SSA employee who took Plaintiff's initial application over the telephone regarding Plaintiff's credibility, and of the physical therapist's observation that Plaintiff put forth maximum effort but required breaks due to shortness of breath and fatigue; (3) obtaining updated medical evidence from treating sources regarding Plaintiff's impairments and obesity; (4) further evaluation of Plaintiff's subjective complaints; (5) further consideration of Plaintiff's maximum RFC; and (6) obtaining evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base, and if necessary to determine whether Plaintiff has acquired any skills that are transferable to other occupations. (R. 68-69.)

found that these impairments did not meet or equal a listed impairment in 20 C.F.R. § 404, Subpt. P, App. 1. (R. 18.) The ALJ then determined that Plaintiff had the RFC to perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a). (R. 18-20.) Because the ALJ found Plaintiff capable of performing past relevant work as a telemarketer, the ALJ held that Plaintiff is not disabled under the Act. (R. 20-21.)

On August 19, 2008, Plaintiff requested Appeals Council review. (R. 330-331.) The Appeals Council denied Plaintiff's request on August 27, 2008. (R. 4-9.) Plaintiff subsequently filed the instant action, requesting that this Court reverse the Commissioner's decision, or, in the alternative, remand the case for further consideration before a different ALJ. (Doc. Nos. 1, 9.)

## II.     Legal Standards

### A.     Jurisdiction

The Social Security Act provides for judicial review by this Court of any "final decision of the Commissioner of Social Security" in a disability proceeding. 42 U.S.C. § 405(g) (2000). A district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id.

### B.     Standard of Review

On judicial review of the Commissioner's decision, the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." Id. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)). In reviewing the record for substantial evidence, however, this Court must "not 'weigh the evidence or substitute [its own] conclusions for those of the fact

finder.'" Rutherford, 399 F.3d at 552 (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)). This Court's review of the legal standards applied by the ALJ is plenary. See Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005).

### C. Disability Claims Analysis

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner of the Social Security Administration has promulgated regulations requiring a five-step sequential analysis to determine the eligibility of claimants for benefits. First, if the claimant is engaged in substantial gainful activity, the claim must be denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claim must be denied unless the claimant is suffering from a severe impairment or combination of impairments that significantly limits physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant's severe impairment(s) meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claim is approved. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Fourth, if the claim is not approved under Step 3, the claim will be denied if the claimant retains the residual functional capacity ("RCF") to meet the physical and mental demands of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). Finally, if the claimant does not retain the RFC to perform past relevant work and there is no other work in the national economy that the claimant can perform, considering his or her RFC, age, education, and past

relevant work experience, then the claim will be approved. 20 C.F.R. §§ 404.1520(g), 416.920(g).

## III. Discussion

Plaintiff raises several grounds for reversing the ALJ's decision. First, Plaintiff argues that the ALJ failed to properly evaluate the impact of Plaintiff's obesity in accordance with Social Security Ruling 02-1p, as the Appeals Council instructed the ALJ to do on remand. Second, Plaintiff argues that the ALJ failed to give adequate consideration to the Appeals Council's instruction to address the physical therapist's observation that Plaintiff required frequent breaks due to shortness of breath and fatigue. Third, Plaintiff argues that the ALJ erred in deeming Plaintiff's headaches and sleep apnea as non-severe impairments.

### A. The ALJ Failed to Provide a Thorough Explanation of the Effects of the Combination of Plaintiff's Obesity With Her Other Impairments

Plaintiff contends that the ALJ failed to properly evaluate the effects of Plaintiff's obesity on plaintiff's underlying impairments. Because the Court is unable to determine if the ALJ properly assessed the impact of Plaintiff's obesity on her severe impairments,[2] this case must be remanded for further analysis.

The Appeals Council ordered the ALJ, on remand, to evaluate the impact of Plaintiff's obesity when considering her disability claims. Specifically, the Appeals Council stated:

> The [ALJ's first decision] finds the claimant has the [RFC] for the full range of sedentary, but does <u>not evaluate the impact of the claimant's obesity in accordance with Social Security Ruling 02-1p</u>. The most recent medical evidence of record reflects the claimant is 63 inches tall and weighs 360

---

[2]The ALJ listed Plaintiff's severe impairments as the following: degenerative arthritis right knee, status post left knee arthroscopic surgery, status post arthroscopic surgery right and left shoulders, right shoulder impingement syndrome, and obesity. (R. 17.)

> pounds. The examining physician noted that the claimant's obesity aggravates her knee problems. <u>Further evaluation is required</u>.

(R. 68) (emphasis added) (internal citations omitted).

In the written remand decision, at step 2 of the 5-step sequential evaluation, the ALJ held that Plaintiff suffers from multiple severe impairments, including obesity. (R. 17.) At step 3, the ALJ held that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 18.) Yet, in the portion of the decision analyzing step 3, the ALJ's explanation of the impact of Plaintiff's obesity in combination with her other impairments appeared in one single sentence, which stated: "As for claimant's obesity, it does not increase the severity of claimant's coexisting impairments to the extent that the combination of impairments meets the requirements of a listing." (R. 18.) Steps 4 and 5 of the sequential evaluation make no reference to Plaintiff's obesity, and Plaintiff's obesity was not mentioned again in the ALJ's decision.

Plaintiff argues that other than making the one conclusory comment about Plaintiff's obesity, the ALJ made "[n]o further inquiry . . . as to why the combined effects of plaintiff's obesity upon her other medically determinable impairments did not meet a listing or allow an equals decision." (Pl.'s Br. at 7.) Plaintiff argues this was "clear error," given the Appeals Council's instruction to give appropriate consideration to SSR 02-1p.

The Court begins its analysis by turning to SSR 02-1p, which was promulgated to provide guidance on SSA policy concerning the evaluation of obesity in disability claims. See SSR 02-1p, <u>Titles II and XVI: Evaluation of Obesity</u>, 2000 WL 628049, at *1 (2002). SSR 02-1p states that while the SSA deleted obesity from its listing of impairments in 1999, the SSA continued to

ensure that obesity is addressed in the listings: "[W]e consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability. . . . [T]he combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Id. SSR 02-1p further states that "[t]he effects of obesity may not be obvious. For example, some people with obesity also have sleep apnea. This can lead to drowsiness and lack of mental clarity." Id. at *6. SSR 02-1p makes clear that obesity is to be considered at steps 3, 4, and 5 of the sequential evaluation. Id. at *4-*7.

In the present case, the ALJ received specific instructions from the Appeals Council to provide an evaluation of the impact of Plaintiff's obesity in accordance with SSR 02-1p. Thus, the ALJ was required to provide an explanation of how she considered Plaintiff's obesity in combination with Plaintiff's other severe impairments. Yet, the ALJ's remand decision fails to do so. Indeed, all the ALJ did with respect to the Appeals Council's instruction was provide a one-sentence conclusion stating her ultimate decision on the matter. The ALJ's decision provides no reasoning, analysis, or explanation as to why Plaintiff's obesity "does not increase the severity of claimant's existing impairments." Instead, the ALJ disposes of the obesity issue without providing any explanation. Therefore, the Court believes that the ALJ's remand decision fails to follow the Appeals Council's order to consider Plaintiff's obesity in accordance with SSR 02-1p.

The Court does wish to note that, based on its review of the April 8, 2008 remand hearing transcript, the ALJ was attentive, thorough, and thoughtful when questioning Plaintiff, and asked Plaintiff a variety of relevant questions regarding the way in which obesity could play into

Plaintiff's potential musculoskeletal, respiratory, or cardiovascular impairments. (R. 366-407.) Nevertheless, the Court finds that the ALJ's use of one conclusory sentence to evaluate and analyze Plaintiff's obesity in the written decision falls far short of the further evaluation required by the Appeals Council. Such a holding is in accordance with established case law from this district.

In <u>Elam v. Astrue</u>, 2009 WL 2779135 (E.D. Pa. Sept. 2, 2009), as in the present case, the plaintiff argued that the ALJ failed to properly assess the impact that the Plaintiff's obesity had on her other impairments. Regarding what is required of an ALJ in this instance, Judge Reed stated: "The ALJ must . . . <u>engage in and document his or her analysis of the obesity</u> in step three of the sequential analysis forward. This is <u>especially imperative</u> when assessing the impact of obesity on musculoskeletal, respiratory, and cardiovascular impairments like those at issue in this case." <u>Id.</u> at *1 (emphasis added). Judge Reed ultimately remanded the case, holding:

> Because I am unable to determine if the ALJ properly assessed the impact of [plaintiff]'s obesity on her severe asthma and arthritis, this case must be remanded for further analysis. . . . <u>Unfortunately, the ALJ did not document how she considered [plaintiff's] obesity</u> in combination with her other impairments throughout the sequential analysis. On remand, the ALJ shall <u>explicitly examine</u> the interplay of [plaintiff]'s impairments, <u>especially focusing</u> on the <u>impact of her obesity</u>.

<u>Id.</u> (emphasis added).

Similarly, in <u>Morris v. Barnhart</u>, 2004 WL 1238397 (E.D. Pa. May 10, 2004), Judge Green required remand for essentially the same reason. In <u>Morris</u>, the plaintiff argued that the Magistrate Judge committed reversible error by ruling that the ALJ did not err by failing to assess the impact of plaintiff's obesity, as required by SSR 02-1p. Judge Green chose not to adopt the Magistrate Judge's Report and Recommendation, stating: "I give weight to the <u>lack of an</u>

-9-

explicit explanation by the ALJ, which is noted by the Magistrate Judge.  As the ALJ did not provide an explanation in her report as to whether Plaintiff's obesity was considered, the Magistrate Judge could not make a factual finding that the plaintiff's obesity did not have an impact." Id. at *4 (emphasis added).  Judge Green noted that "in addition to [plaintiff's] obesity classification . . . , Plaintiff claimed a medical meniscus tear and degenerative changes in his left knee and degenerative disc disease of the lumbar spine.  Nowhere in the record is there a discussion or analysis . . . of the effect of a combination of these impairments."  Id. (emphasis added).  Judge Green therefore held that:

> The ALJ did not conduct an analysis of the impact of plaintiff's obesity, the effect of the combination of plaintiff's other impairments, or an explanation as to why this analysis was not done.  Even though alone each of these does not equal a listing, a determination that does not consider how the combination affects the Plaintiff is not supported by substantial evidence.  Therefore, upon remand, the ALJ should conduct a thorough analysis taking into consideration Plaintiff's obesity and other impairments.

Id. at *5 (emphasis added).

The Court finds these two cases instructive, and therefore adopts their reasoning.  In the present case, the ALJ failed to provide any analysis – thorough or otherwise – regarding the effect of the combination of Plaintiff's obesity on her other impairments, as was specifically required by the Appeals Council when ordering remand.  In the absence of any such analysis, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence.  Therefore, as in both Elam and Morris, this case must be remanded to the ALJ.

On remand, the ALJ shall provide a detailed and thorough explanation of the effects of the combination of Plaintiff's obesity with her other impairments, in accordance with SSR 02-1p.  Because this case will be remanded, the Court does not find it necessary to address Plaintiff's

other contentions at this time.

### B. Remand to the Same ALJ is Proper

The final matter for the Court to resolve is whether this case should be remanded to a different ALJ, as Plaintiff requests. As a general matter, courts have held that whether a case must be remanded to a different ALJ is a decision for the Commissioner to make. See Maniaci v. Apfel, 27 F. Supp. 2d 554, 559 (E.D. Pa. 1998). However, courts will grant such a request where it appears that the impartiality of the ALJ is a concern. Id. (citing Ventura v. Shalala, 55 F.3d 900, 904-05 (3d Cir. 1995) (remanding to different ALJ after previous proceeding was not conducted impartially)).

Here, there is no such concern. The record is devoid of, and Plaintiff does not point to, any evidence of bias or impartiality on the part of the ALJ. In Maniaci, where Judge DuBois stated that "there [was] nothing in the record to suggest that the ALJ was biased against plaintiff, or that the ALJ was anything but impartial," Judge DuBois held that "remand to a different ALJ is unnecessary, and plaintiff's request for such a remand is denied." Id. Similarly, because this case's record indicates no bias or impartiality on the part of the ALJ, Plaintiff's request for remand to a different ALJ is denied.

An appropriate Order follows.

O:\CIVIL 07-08\08-5173 Simmons v. Astrue\Simmons v. Astrue, 08-5173 - Memo SS Appeal.wpd